UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC LEVINE,<br><br>                Plaintiff,<br><br>    v.<br><br>CITY OF BOTHELL, a municipal corporation; A. SEAN UNGVARSKY, in his capacity as a police officer for the City of Bothell and as individual; SNOHOMISH COUNTY; and SNOHOMISH COUNTY PUBLIC UTILITY DISTRICT NO. 1,<br><br>                Defendants. | CASE NO. 2:11-CV-1280-MJP<br><br>ORDER GRANTING SNOHOMISH COUNTY PUBLIC UTILITY DISTRICT'S MOTION FOR SUMMARY JUDGMENT |

      This matter comes before the Court on a motion for summary judgment brought by Defendant Snohomish County Public Utility District No. 1 ("PUD"). (Dkt. No. 18.) Having reviewed the motion, Plaintiff's response (Dkt. No. 20), Defendant's reply (Dkt. No. 22.), and all related filings, the Court GRANTS Defendant's motion for summary judgment and DISMISSES all claim against the Defendant PUD with prejudice.

**Background**

Plaintiff Eric S. Levine ("Levine") brings this suit against Defendant PUD for violations of the Washington Public Records Act ("WPRA"), article 1, section 7 of the Washington Constitution, and for common law invasion of privacy. (Dkt. No. 1 at 17.)

On August 4, 2008, PUD received a written request from Bothell Police for electric consumption records from a specific address (23409 39th Ave SE Bothell WA 98021) listed to homeowner "Eric Lavine." (Dkt. No. 19, Ex. A at 2.) The request also stated that Bothell Police were "investigating a possible grow up in our city." (Id.) Janet Keefe, an employee of PUD, processed the request. (Id.) Keefe searched for the address in PUD's database and found a property listed to a commercial account under the name "Levine C&C Machining and Manufacture." (Id.) Keefe treated the information as a request for public records under the WPRA because she believed that was how she should treat commercial accounts. (Id.) On August 5, 2008 she faxed a screen shot of the property's power usage to Bothell Police. (Id.)

Bothell Police later used this information to obtain a warrant, search Plaintiff's residence, and charge him with growing marijuana. (Id. at 5.) Because of a defect in the warrant, all of the charges were dismissed with prejudice. (Id.)

On August 3, 2011, Plaintiff filed this suit against the City of Bothell, the detective that requested the warrant, Snohomish County, and PUD. (Dkt. No. 1 at 3.) Plaintiff seeks compensation for several causes of action including violations of the Fourth Amendment, trespass, conversion, negligence, malicious prosecution, and invasion of privacy. (Dkt No. 1.) The Court has jurisdiction over this dispute pursuant 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343(a)(3) for Plaintiff's federal civil rights claims. (Dkt. No. 1 at 2.) The court has

supplemental jurisdiction over the state law claims against PUD pursuant to 28 U.S.C. § 1367. (Id.)

Plaintiff alleges three claims against PUD for invasion of privacy and violations of the WPRA and article I, section 7 of the Washington Constitution. (Dkt. No. 1 at 17.) Plaintiff alleges that PUD is liable for these violations under the doctrine of respondeat superior for the disclosure of private electric consumption records by its employee without authority of law. (Id.)

**Discussion**

A. Legal Standard

A court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In examining a Defendant's motion for summary judgment, a court must view the facts in the light most favorable to the opposing party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970). Once the moving party meets this initial burden, it becomes the responsibility of the nonmoving party to "designate specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323–324 (1986).

B. Constitutional Violations

Plaintiff's assertion that Defendant violated article I, section 7 of the Washington State Constitution by disclosing his records fails because there is no established constitutional privacy interest in electric consumption records. Article I, section 7 of the Washington Constitution states that "no person shall be disturbed in his private affairs, or his home invaded, without authority of law." Const. article I, section 7. Although the Washington Supreme Court has not

precisely addressed the issue in the context of a civil suit for invasion of privacy, Washington courts have established that there is no constitution privacy right in electric consumption records.

In its plurality decision, In Re Personal Restraint of Maxfield, 133 Wn.2d 332 (1997), the Washington Supreme Court considered whether evidence from electric consumption records, released voluntarily by a public utility district employee to law enforcement, should be suppressed in a criminal proceeding. Id. at 338. Four justices found a constitutional right to privacy in electric records and that suppression was appropriate. The concurring justice agreed that the evidence should be suppressed, but disagreed that a constitutional right existed. The four dissenting justices agreed with the concurring justice that no constitutional right existed. Thus, a five-member majority of justices held that there is no protected privacy interest in electric consumption records. Id. at 354. In its analysis, the Court held that because the records did not disclose any discrete information about an individual's activities, electric consumption information is not private under the Washington Constitution. Id. Later, in State v. McKinney, the Court reaffirmed its reasoning in Maxfield and declined to find a privacy interest in Department of Licensing records because "as in Maxfield, the information kept in the drivers' license records does not reveal intimate details of the defendant's lives, their activities, or the identity of their friends or political and business associates." State v. McKinney, 148 Wn.2d 20, 30 (2002). Although these cases addressed whether evidence in a criminal case should be suppressed, the Court's reasoning applies equally to a civil suit for damages alleging violations of the constitution and right to privacy. Therefore, because there is no privacy interest in electric consumption records, Defendant PUD did not violate article I, section 7 of the Washington Constitution.

C. WPRA

Under the Washington Public Records Act ("WPRA"), public agencies are required to disclose public records unless a specific exemption applies. Bellevue John Doe's 1-11 v. Bellevue School Dist. No. 407, 129 Wn.App. 832, 839–40 (2005). Electric consumption records are public records because they contain information relating to the conduct or performance of a governmental agency. RCW 42.56.010. The WPRA provides a statutory exemption for electric consumption records such that law enforcement authorities may only obtain them through the correct procedures. RCW 42.56.335.

Plaintiff's claim that Defendant violated the WPRA by improperly disclosing his records to law enforcement fails because (1) there is no cause of action for violations of RCW 42.56.335, (2) PUD and its employees are immune from liability under RCW 42.56.060, and (3) the requirements for disclosure were fulfilled.

1. No Right of Action Against PUD

First, RCW 42.56.335 does not provide a private right of action against PUD for disclosure of Plaintiff's public utility records. The statute pertains only to what law enforcement must do to request records. RCW 42.56.335. The "statute does not prohibit a public utility district from disclosing records," and the Washington Supreme Court has refused to read such a prohibition into its terms. State v. Maxfield, 125 Wn.2d 378, 392 (1994). In State v. Maxfield, a prior decision involving the same parties as in Maxfield, the Court determined that a public utility district employee's voluntary disclosure of utility records did not violate the WPRA because the statute only regulates law enforcement actions. (Id.) Because the statute does not regulate public utilities it cannot be used to bring a cause of action against PUD.

2. <u>Immunity</u>

Second, Defendant is also immune from liability for any violation of the WPPRA. RCW 42.56.060 states that a public agency and its employees are immune from liability upon the release of public records if they acted in good faith by attempting to comply with the provisions of chapter 42.56 RCW. Although good faith is usually a question of fact, it may be resolved under summary judgment when reasonable minds cannot differ. <u>Marthallar v. King County Hosp. Dist. No. 2</u>, 94 Wn.App. 911, 916-17 (1999). When evidence in the record shows good faith and there is no evidence to show a lack of it, reasonable minds cannot differ. <u>See</u> <u>id.</u> (determining that the paramedics were immune because reasonable minds could not differ as to whether they acted in good faith because there was no evidence to suggest they had not); <u>Whaley v. State</u>, 90 Wn.App. 658, 663 (finding under the same statutory language as RCW 42.56.060 that a child care provider was immune when there was evidence of good faith in her declaration and no evidence to the contrary).

There is no evidence that PUD and its employee did not act in good faith. Keefe's declaration testifies to her belief that she processed the request in compliance with WPRA. (Dkt. No. 19 at 2.) On August 4, 2008 she received a request in writing with the name, address, and cause for request included. (Dkt. No. 19, Ex. A at 2.) Plaintiff does not provide any information detailing actions that did not constitute good faith, but merely suggests that a fact trier could conclude "she made no examination or evaluation of the police letter to determine whether or not it complied with RCW 42.56.335." (Dkt. No. 20 at 11.) <u>See</u> <u>Marthallar</u>, 94 Wn.App. at 917. Taking the evidence in the light most favorable to the non-moving party, there is no evidence that she did not make a good faith effort.

3. Procedural Fulfillment

Third, the PUD is not liable because the Bothell Police Department fulfilled the necessary requirements under RCW 42.56.335. A law enforcement authority must fulfill three requirements before the authority may request information from a public utility district. RCW 42.56.335. First, the law enforcement authority must provide a written request to the public utility district. Id. Second, the authority must state that it "suspects that the particular person to whom the records pertain has committed a crime." Id. Third, it must state that the authority has a "reasonable belief that the records could determine or help determine whether the suspicion might be true." Id. Here the requirements are liberally construed. See State v. Cole, 128 Wn.2d 262, 289 (1995) (search warrant qualified as a written request because the police only need to "indicate in writing an articulable suspicion of illegal activity"); State v. Rakosky, 79 Wn.App. 229, 237 (1995) (inadequate written request still fulfilled the technical requirements of the statute because of a prior adequate request).

First, Bothell Police submitted a written request via fax. (Dkt. No. 19, Ex. A at 2). Second, the request indicates an articulable suspicion that the Plaintiff, despite the minor misspelling of his last name, is involved in a possible "grow up," a phrase which a PUD officer would recognize to mean illegal growing operation. (Id.) Third, the words to investigate a "possible grow up" directly imply that the records will be used in this investigation to determine whether the suspicion of growing marijuana is true. (Id.) Taking the evidence in the light most favorable to the non-moving party, Bothell Police fulfilled the necessary prerequisites for disclosure. Therefore, PUD cannot be liable for violations of the WPRA because the Bothell Police fulfilled the prerequisites for requesting disclosure.

D. Invasion of Privacy

Finally, Plaintiff fails to allege that PUD invaded his privacy through the disclosure of the electric consumption records. Washington follows the rule set out in the Restatement (Second) of Torts, § 652D (1977), which states that a person is liable for invasion of privacy if the matter publicized (1) would be highly offensive to a reasonable person, and (2) is not of legitimate concern to the public. Reid v. Pierce County, 136 Wn.2d 195, 205 (1998). The Washington Supreme Court has held that "the privacy interest in power usage records is minimal; the information is fairly innocuous and reasonable person would not be highly offended by its release." In re Rosier, 105 Wn.2d 606, 615 (1986). They further noted that while disclosure might offend those engaging in criminal activity, this is not the measure of the reasonable person. Id. As the reasonable person would not be offended by the records release, Plaintiff's privacy right was not violated.

## Conclusion

Because there is no constitutionally conferred right to privacy, Defendant did not violate article I, section 7 of the Washington Constitution. Because there is no cause of action for disclosure, Defendant is immune from liability, and Bothell Police fulfilled the requirements for disclosure, Defendant did not violate WPRA. Finally, because a reasonable person would not be offended by the disclosure of the records, Defendant did not invade Plaintiff's privacy. For these reasons the Court GRANTS Defendant's motion for summary judgment and DISMISSES Plaintiff's claim against this Defendant with prejudice.

The clerk is ordered to provide copies of this order to Plaintiffs and all counsel.¶

Dated this 2nd day of July, 2012.

_____
Marsha J. Pechman
United States District Judge